Jean Marie **VINEYARD**, Individually and on behalf of all other female employees of the Hollister Elementary School District, Plaintiff,

v.

**HOLLISTER ELEMENTARY SCHOOL DISTRICT et al., Defendants.**

**No. C–73–1821 WHO.**

United States District Court, N. D. California.

Nov. 1, 1974.

Peter T. Galiano, John S. Muir, Burlingame, Cal., for plaintiff.

Bernard P. McCullough, Dist. Atty., San Benito County, Hollister, Cal., for defendants.

MEMORANDUM OPINION

ORRICK, District Judge.

At the time this action was brought, the Hollister Elementary School District

(the District) had a maternity leave policy promulgated by the Hollister Elementary School District Board of Education (the Board) requiring a pregnant female employee to take compulsory maternity leave without pay for a period of time determined by the Board. Plaintiff is a school teacher employed by the District. She brings this action on her own behalf and on behalf of all other present and future female employees of the District who have been or will be discriminated against on account of sex by the District's maternity leave policy. Plaintiff alleges that the District, the Board and the Superintendent of the District have discriminated against her and members of the class on account of sex in violation of the rights guaranteed to them by the Fourteenth Amendment, the Civil Rights Statute (42 U.S.C. § 1983) and the Equal Employment Opportunities Act (42 U.S.C. § 2000e et seq.).

Defendants deny the alleged discriminatory effect of the Board's maternity leave policy and further allege that the policy has been revoked and that now there is no policy governing maternity leave existing in and applicable to the District.

The cause was tried by the Court on stipulated facts embodied in two written stipulations which were supplemented by stipulations of counsel in open Court.

## THE FACTS

The facts may be fairly summarized as follows: The District's maternity leave policy compelled every pregnant employee to commence leave on or before the first day of the eighth month of pregnancy. The policy also limited the period for return of the teacher following termination of the pregnancy to no more than three months.[1] The District also granted sick leave benefits to teachers who are temporarily disabled, but under the maternity leave policy a pregnant teacher was denied the use of sick leave benefits for that portion of the leave during which the teacher was temporarily disabled due to pregnancy, childbirth and recovery therefrom.

In the fall of 1973 plaintiff was pregnant. She obtained a letter from her physician informing the District that she was medically able to teach until the expected date of her confinement early in November, and she requested the Board to waive its maternity leave policy and permit her to continue teaching. The Board refused to do this and on October 4 she was directed to leave. On October 12, 1973, plaintiff filed her complaint and obtained a temporary restraining order enjoining the District from terminating the plaintiff or any other member of the class she represents or otherwise implementing the maternity leave policy. On October 16, 1973, the Board rescinded the maternity leave policy, and plaintiff then returned to work. She taught up to November 11, 1973, the date of her confinement. She received her full salary up to the date of delivery of her child and any absence imposed because of the action of the administration of the school District was not charged against her accumulated sick leave. Plaintiff was absent from her teaching responsibilities from November 12, 1973, through November 16, 1973, while she was in the hospital. During this period of time her absence was charged against her accumulated sick leave. From November 17, 1973, to

---

1. The District policy on maternity leaves in effect at the commencement of this action provided that:

    "In accordance with Education Code, Section 13456, Maternity Leave may be granted to female employees requiring absence from their duties because of pregnancy. The required leave of absence shall commence at the end of the seventh month. *The date of employee's return shall be determined by advice of the employee's medical advisor but in any event shall not exceed three months from the termination of pregnancy.* This leave will be granted without pay."

January 2, 1974, plaintiff was absent on a leave of absence without pay.

A preliminary injunction was served January 16, 1974, ordering defendants, pending the conclusion of the law suit, from terminating plaintiff's employment, requiring her to take a leave of absence, or denying her sick leave or discontinuing District payment of insurance premiums during any period of temporary disability due to pregnancy, childbirth or recovery therefrom.

## THE ISSUES

■ Maternity leave policies requiring pregnant employees to take compulsory leave at times determined by the school authorities have been attacked over and over again as violations of the Civil Rights Statute (42 U.S.C. § 1983) and as denying equal protection of the laws under the Fourteenth Amendment (see Williams v. San Francisco Unified School District, D.C.Cal., 340 F.Supp. 438 (1972). In the case at bar, however, the Court does not have to determine the jurisdictional question raised by defendants as to whether the District and Board are "persons" within the meaning of 42 U.S.C. § 1983, nor is it required "to measure the classification created by the District's maternity leave policy against the requirements of the Fourteenth Amendment's guarantee of equal protection of the laws for all citizens" (*Williams*, supra, at p. 442) since plaintiff has also brought her action under the Equal Opportunities Act (42 U.S.C. § 2000e et seq.). The Act flatly prohibits the type of sex discrimination practiced by the District.

42 U.S.C. § 2000e–2(a), Title VII, forbids discrimination by an employer against an employee on the basis of sex. The pertinent part of the statute reads as follows:

"it shall be unlawful employment practice for an employer * * * (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." (at 298)

"Employer" is defined in 42 U.S.C. § 2000e(b) to include governmental employers such as the defendant school District.

The Equal Employment Opportunities Commission has adopted a guideline interpreting the statutory ban on sex discrimination as specifically requiring that:

"* * * policies and practices involving matters such as the commencement and duration of leave, the availability of extensions, the accrual of seniority and other benefits and privileges, reinstatement, and payment under any health or temporary disability insurance or sick leave plan, formal or informal, shall be applied to disability due to pregnancy or childbirth on the same terms and conditions as they are applied to other temporary disabilities." (29 C.F.R. § 1604.10(b))

In *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1970), Chief Justice Burger said that the guidelines developed by the Equal Employment Opportunities Commission constitutes the administrative interpretation of the Act and "The administrative interpretation of the Act by the enforcing agency is entitled to great deference" (at 433–434, 91 S.Ct. at 854–855). It is undisputed in the case at bar that employees who incur a "temporary disability" during their term of employment receive from the District wages and sick leave benefits save and except employees who become pregnant. The pregnant employees are the sole subjects of the restrictive provisions of the mandatory leave policy of the District. Such a policy flies in the face of the E.E.O.C. guidelines and, therefore, violates the mandate of 42 U.S.C. § 2000e et seq.

■ Defendants do not seriously dispute this point, but they claim that because the maternity leave policy was rescinded by the District on October 16, 1972, the case is moot. They rely on the case of Guelich v. Mounds View Independent Pub. Sch. Dist. No. 621, 334 F.Supp. 1276 (D.Minn.1972). In *Guelich,* an action was brought under the Civil Rights Act alleging that the maternity leave policy of the Mounds View Independent Public School District violated the civil rights of pregnant employees. In August, 1971, after the action had been brought, the school district adopted a new maternity leave policy eliminating the provisions of which the plaintiff complained. The new policy complied with the proposed guidelines on sex discrimination issued by the Minnesota Department of Human Rights. The court there held that inasmuch as the school district had adopted a new policy consonant with the Civil Rights Act and that the Superintendent of Schools had stated that the Board would not reinact the policy attacked by the plaintiff that the case had been mooted. The situation in *Guelich* is entirely different from that present in the case at bar. Here, the defendant Board has not adopted any new maternity leave policy. The maternity leave policy was rescinded October 16, 1973, and right up to the date of trial no new policy has been substituted in its stead. There is some question as to whether or not the Board will follow the policy which it rescinded. Indeed, after it rescinded its policy, it still did not see fit to treat plaintiff equally with other employees for her temporary disability. The Board specifically refused to pay plaintiff her salary from November 17, 1973, through January 2, 1974. Moreover, the District and teachers have been unable to agree upon a satisfactory new policy. It is well settled that voluntary cessation of allegedly illegal conduct does not normally deprive the Court of power to hear and determine the case. Walling v. Hel-

merich & Payne, 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29 (1944). In the instant case it is by no means clear that the District won't revert to the old policy and an injunction should issue.

Defendants then argue that since the *Williams* case, supra, and the other cases cited above, the Supreme Court in Geduldig v. Aiello, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974) has determined positively that in California denial of disability benefits to a woman absent from work due to pregnancy, delivery and recovery is not unlawful discrimination based upon sex. *Geduldig* involves an interpretation of a provision in the Unemployment Insurance Code (§ 2626) which provided:

" 'Disability' or 'disabled' includes both mental or physical illness and mental and physical injury. An individual shall be deemed disabled in any day in which, because of his mental or physical condition, he is unable to perform his regular or customary work. In no case shall the term 'disability' or 'disabled' include any injury or illness caused by or arising in connection with pregnancy up to the termination of such pregnancy and for a period of 28 days thereafter."

In *Geduldig* pregnancy disability was exempted from coverage in an effort to maintain disability fund contributions at the one percent level. In balancing the state's goals of maintaining a low contribution rate against the exclusion of normal pregnancies from coverage, the Court found that the state's rationale justified the exclusion and that the classification of pregnant women did not constitute invidious discrimination under the Fourteenth Amendment.

■■ The case at bar presents a different set of circumstances. The Hollister School District has not introduced evidence on the underlying rationale for their former maternity leave policy. Here there is no showing of a strong economic justification for singling out pregnant women for exclusion from dis-

ability benefits. Moreover, this case presents a different analytical framework than the Fourteenth Amendment claims that confronted the Court in *Geduldig*. In the instant case, plaintiff has relied on Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.). Title VII is a congressional enactment that addresses the problems of employment discrimination based on sex and race more specifically than the broad mandate of the Equal Protection Clause of the Fourteenth Amendment. Under Section 5 of the Fourteenth Amendment, Congress has the power to pass appropriate legislation to implement the dictates of the Equal Protection Clause. The implementing legislation may reach more broadly than the Equal Protection Clause itself (Katzenbach v. Morgan, 384 U.S. 641, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966)). Congress intended Title VII to be just such a broad implementing legislation. In a Title VII case, the Court does not need to go through the balancing process followed by the Supreme Court in *Geduldig*. Under Title VII and the E.E.O.C. Guidelines which accompany it (29 C.F.R. § 1604.10(b)), treating pregnancy differently from other temporary disabilities is discriminatory and flatly prohibited.

## CLASS ACTION CERTIFICATION

Plaintiff seeks to have a class consisting "of all other present and future female employees of the Defendant District who have been or who will be discriminated against on account of sex by the District's policies regarding maternity leave, accrued sick benefits and District paid insurance benefits for pregnant employees".

A class consisting of "all other present and future female employees of the District who have been or who will be discriminated against" is improper. The class cannot obtain retroactive relief. First, it does not appear that the number of persons involved is so large that a joinder would be impracticable. Under Rule 23(a)(1):

"One or more members of a class may sue or be sued as representative parties on behalf of all *only* if (1) the class is so numerous that joinder of all members is impracticable * * *" (Emphasis added.)

In addition, each class member's claim of the retroactive class would involve a separate question of fact with respect to how long she was forced to take leave, how long she was medically unable to work and how long she remained away from work for the sole purpose of caring for her baby. The Court could not, therefore, in accordance with Rule 23(b)(3) find that the questions of fact common to the members of the class predominate over any question affecting only individual members.

The Court can, however, and does find a class viable with respect to all other present and future female employees of the District who will be discriminated against on account of sex by the District's policy regarding maternity leave, accrued sick pay benefits and District-paid insurance benefits for present employees. It is not contested that such a group is so numerous that joinder would be impracticable or that plaintiff can adequately represent such a class. Furthermore, since no damages are sought on behalf of this group, all questions of fact and law are identical. The class thus satisfies the requirements of Rule 23 and it is hereby certified. The claims of the plaintiff typify the claims of all members of such a class and the plaintiff will fully and fairly represent the interests of such class.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law and pursuant thereto,

It is ordered that:

1. Plaintiff is designated as the representative of all other present and future female employees of the District who will be discriminated against on account of sex by the District's policies regarding maternity leave, accrued sick

benefits and District-paid insurance benefits for pregnant employees;

2. Defendants, their agents and successors are ordered to pay plaintiff her salary of $936 which was improperly denied because of her absence due to temporary disability caused by pregnancy, childbirth and recovery therefrom during the period from November 17, 1973, through January 2, 1974;

3. Defendants, their agents and successors are permanently enjoined from adopting or enforcing policies or practices, formal or informal, involving such matters as commencement and duration of leave, reinstatement and payment under any health or temporary disability insurance, or sick leave plan which applies to disability due to pregnancy or childbirth on different terms and conditions than they apply to other temporary disabilities;

4. Plaintiff's attorney shall submit an itemized request for reasonable attorney's fees; and

5. Plaintiff shall submit a judgment in accordance with the foregoing and Local Rule 123.